FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 17, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RONALD SIMON and TERESA SIMON,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>DORIS STRAND and WAYNE JANKE,<br><br>　　　　Defendants. | No. 2:24-CV-00007-MKD<br><br>ORDER REMANDING CASE TO SPOKANE COUNTY SUPERIOR COURT AND DENYING PLAINTIFFS' MOTIONS FOR LEAVE TO AMEND COMPLAINT<br><br>**ECF Nos. 1, 4, 5** |

　　　Before the Court is Jayn Courchaine's Notice of Removal, ECF No. 1, Plaintiffs' Motion for Leave to File Amended Complaint, ECF No. 4, and Plaintiffs' Amended Motion for Leave to File Amended Complaint, ECF No. 5. Ms. Courchaine requested oral argument prior to any order remanding the case. ECF No. 1 at 6-7. The Court may find oral argument is not warranted and proceed to determine any motion without oral argument. LCivR 7(i)(3)(B)(iii). For the reasons discussed below, the Court finds oral argument is not necessary, and

ORDER - 1

remands the case to the Spokane County Superior Court. Ms. Courchaine also asks the Court to retain jurisdiction pursuant to 28 U.S.C. § 1292(6), to allow Defendants to file a motion asking the Court to certify a remand order for interlocutory review. ECF No. 1 at 6-7. As there is not a subsection 6 to the cited code, it is not clear what subsection Ms. Courchaine is intending to cite to. *See* 28 U.S.C. § 1292. Further, Ms. Courchaine is not a defendant in this case, and the Notice of Removal was defective, as discussed further below. As such, the Court declines to retain jurisdiction.

## BACKGROUND

This case arises out of a child custody dispute that began in 2015. *In re Custody of: C.S.*, 16 Wash. App. 2d 1038 (2021); *Matter of C.S.*, 22 Wash. App. 2d 1018, *review denied sub nom. Janke v. Simon*, 200 Wash. 2d 1012 (2022), *and cert. denied sub nom. Simon v. Janke*, 144 S. Ct. 76 (2023). Plaintiffs are spouses and the parents of a now adult child; Defendants Strand and Janke contended they were the child's de facto parents, and they were awarded custody of Plaintiffs' child in 2018. *See In re Custody of: C.S.*, 16 Wash. App. 2d 1038 (2021). Plaintiffs are residents of Idaho, and Defendants are residents of Washington.[1]

---

[1] Defendant Janke remains a named defendant, ECF No. 1-1, and Ms. Courchaine refers to multiple defendants, indicating both Defendant Strand and Defendant

ORDER - 2

ECF No. 1-1 at 5-6.

On December 21, 2017, Plaintiffs filed a *pro se* Complaint in the Washington Superior Court for damages for interference in a parent-child relationship and for fraud and misrepresentation. ECF No. 1-2 at 4. Plaintiffs alleged their damages included loss of consortium; alienation of their child; mental and physical anguish; anxiety; legal and attorney fees; counseling expenses; and two years' worth of commissions and income. ECF No. 1-2 at 8-12.

On January 8, 2024, Plaintiffs filed a summons and proposed amended complaint. ECF No. 1 at 2. On January 9, 2024, Plaintiffs filed a motion for leave to join additional parties; Plaintiffs sought to amend the complaint to add Jayn Courchaine as a defendant. *Id.*; ECF No. 1-2 at 625. The proposed amended complaint also added a "RICO" claim, and states the damages include alienation of their child; interference with parent-child relationship; mental and physical anguish; anxiety; embarrassment; two years of commissions and income; and

---

Janke reside in Washington, ECF No. 1 at 4-5. However, the certificates of service state documents were sent to "Doris Strand, Wayne Janke, the estate of Wayne Janke," and "Wayne Janke (Doris Strand the personal representative of Wayne Janke)." ECF No. 1 at 9; ECF No. 1-2 at 618, 649. Plaintiffs' Motion states Defendant Janke is deceased. ECF No. 5 at 2.

ORDER - 3

attorney's fees. ECF No. 1-1 at 5-12. Defendants have not been served the proposed amended complaint, but it appears a copy was mailed to Ms. Courchaine and Defendants. ECF No. 1 at 2; ECF No. 1-1 at 2-4; ECF No. 1-2 at 638.

**LEGAL STANDARD**

A defendant sued in state court may remove the action to federal court so long as the appropriate United States District Court has original jurisdiction. 28 U.S.C. § 1441(a). A defendant seeking removal must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders" thus far served upon the defendant in the action. 28 U.S.C. § 1446. The notice of removal must be filed within the shorter period of either: 1) within 30 days after the defendant receives a copy of the initial pleading setting forth the claim for relief; or 2) within 30 days after the service of summons upon the defendant if the initial pleading has been filed in court. 28 U.S.C. § 1446(b)(1). After filing the notice of removal, the defendant must give written notice to all adverse parties and must file a copy of the notice with the State court. 28 U.S.C. § 1446(d).

A defendant seeking removal "bears the burden of establishing that the statutory requirements of federal jurisdiction have been met." *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013). Additionally, in cases involving multiple defendants, all defendants must join in the petition for

ORDER - 4

removal. *Proctor v. Vishay Intertech. Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009). If all defendants do not join in the petition for removal within the required 30-day period, the removal may be deemed defective, even if the defendants are *pro se*. *See, e.g., Sanner v. W. Va. Infusion Therapies, Inc.,* No. 1:95-CV-79, 1995 WL 928922, at *2 (N.D. W.Va. Oct.11, 1995); *Brown v. Cribb*, No. CA 5:13-71-CMC-KDW, 2013 WL 1181500, at *3 (D.S.C. Feb. 26, 2013), *report and recommendation adopted,* No. CA 5:13-0071-CMC-KDW, 2013 WL 1181496 (D.S.C. Mar. 21, 2013).

If at any time after removal it appears that removal was improper because of a lack of subject matter jurisdiction, the case must be remanded back to state court. 28 U.S.C. § 1447(c). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction;" so "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

**DISCUSSION**

**A. Notice of Removal**

Ms. Courchaine's Notice of Removal is defective for multiple reasons. Plaintiffs filed a summons, proposed amended complaint, and motion for leave to join additional parties on January 8 and January 9, 2024, in the state court, which sought to add Ms. Courchaine as a defendant. ECF No. 1 at 2; ECF No. 1-2 at

ORDER - 5

622-35.  Ms. Courchaine filed the Notice of Removal on January 9, 2024, in which she stated that she has not been served the proposed amended complaint, but it appears she had received a copy by mail.  ECF No. 1 at 2.

      1.  *Removal is Premature*

      First, Ms. Courchaine's removal is premature because she does not appear to be a defendant in the state court case.  A notice of removal may be filed within 30 days after receipt by the defendant of a copy of an amended pleading from which is can first be determined that the case is removable.  28 U.S.C. § 1446(b)(3).  However, Ms. Courchaine received a copy of a proposed amended complaint, and not an amended complaint.

      Plaintiffs sought leave to join Ms. Courchaine as a party but there is no evidence that leave has been granted.  Superior Court- Court Case Information By Name- Civil, Domestic, Probate For: 172049942, https://cp.spokanecounty.org/courtdocumentviewer/iFrames/iFrameSCCaseDetail.aspx?casenumber=172049942 (last accessed April 16, 2024).  The April 2022 Amended Civil Case Schedule Order states the last day to join additional parties or amend claims was August 15, 2022.  *Id.*  While there are later amended scheduling orders, none indicate that the time to add parties or amend claims was extended.  *Id.*  The state court has continued with the case, set the motion for a hearing, and held a status conference on March 29, 2024.  *Id.*; ECF No. 1-2 at 646.  When a

ORDER - 6

party removes a case from State court, the State court "shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(b)(3). The State court continuing to proceed with the case indicates the court did not believe Ms. Courchaine's removal was proper.

While Plaintiffs filed a proposed amended complaint, which named Ms. Courchaine as a defendant, that proposed amended complaint is not yet the operative complaint. Removal jurisdiction based on an amended pleading only arises after the amended pleading becomes operative. *Jones v. G2 Secure Staff, LLC*, No. CV 17-00061 SJO (SSX), 2017 WL 877293, at *3 (C.D. Cal. 2017). Additionally, it is not appropriate to remove a case when the case "may sometime in the future become removable if something happens," such as "the granting of a motion by the state judge." *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998); *see also Thomas v. Harvard*, No. 1:05-CV-1292-RLV, 2005 WL 8155590, at *2 (N.D. Ga. Sept. 27, 2005) (holding that the amended complaint triggers the running of a 30-day period for removal, and a motion for leave to amend to add a party does not trigger the period under 28 U.S.C. § 1446(b), as the individual is not yet a party to the case). Because the proposed amended complaint is not yet the operative complaint, and Ms. Courchaine would not become a party until after the State judge granted leave to amend and add Ms. Courchaine as a defendant, it does not appear that Ms. Courchaine is currently a party to the case. A non-party may

ORDER - 7

not remove a case. *Sharma v. HSI Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Nat'l Tr. Co.*, 23 F.4th 1167, 1170 (9th Cir. 2022). As Ms. Courchaine is not yet a defendant in the case, she may not remove the case.

A minority of courts have found that the 30-day clock for removal begins when defendants are served the motion to amend. *See, e.g., Webster v. Sunnyside Corp.*, 836 F.Supp. 629 (S.D. Iowa 1993); *White v. PDB State Farm Auto. Ins. Co.*, No. 3:13-cv-765-J-99TJC-PDB, 2013 WL 6061890, at *4 (M.D. Fla. Nov. 18, 2013). Additionally, those courts have considered whether the state judge's ruling would have an impact on the removal jurisdiction; for example, in a diversity case, a judge's ruling has no impact on jurisdiction when the motion for leave asks to a add another party who does not impact diversity. *See, e.g., Hill v. Allianz Life Ins. Co. of N. Am.*, 51 F. Supp. 3d 1277, 1281 (M.D. Fla. 2014). However, even if the Court found Ms. Courchaine's removal was not premature, the removal would still be defective, as discussed *infra*.

2. *Defendants Have Not Joined the Removal*

Plaintiff's Notice of Removal is defective because Defendant Strand[2] has not joined the removal. Plaintiff filed the Notice of Removal in this Court on January

---

[2] The Court addresses only Defendant Strand because it appears Defendant Janke is deceased, as discussed above.

ORDER - 8

9, 2024 and filed a Notice of Filing Notice of Removal in the Superior Court on January 10, 2024.  ECF Nos. 1, 1-3 at 3.  Ms. Courchaine does not state in either Notice that the other defendant(s) join in the removal.  *Id.*  Defendant Strand has not filed anything to indicate she joins in the removal.  As the other defendant(s) have not joined the removal, the Court finds the removal is defective.  *See Proctor*, 584 F.3d at 1224.

## B. Amended Complaint

Plaintiffs filed a Motion for Leave to File Amended Complaint and an Amended Motion.  ECF Nos. 4, 5.  Plaintiffs' proposed amended complaint names 89 new defendants.  ECF No. 5 at 4-5.  The complaint alleges all defendants have deprived plaintiffs of their right to custody and companionship of their son by fraudulent misrepresentations to the Court, in violation of Plaintiff's due process rights and Article 1, Sections 3 and 7 of the Washington State Constitution.  *Id.* at 13, 15-16.  Plaintiffs also contend Defendants violated Plaintiffs' rights under the Americans with Disabilities Act and Rehabilitation Act; Defendants engaged in concealment, destruction, or mitigation of records, engaged in obstruction of justice, engaged in negligent misrepresentation; and the non-governmental defendants violated the federal RICO act.  *Id.* at 15-18.

As Ms. Courchaine's Notice of Removal was defective, as discussed *supra,* the Court lacks jurisdiction over the case.  As such, Plaintiffs' Motion for Leave to

ORDER - 9

File Amended Complaint is denied. Even if the Court had jurisdiction over the case, the Court notes there are numerous issues with Plaintiffs' proposed amended complaint. For example, Plaintiffs contend Defendants engaged in criminal activity and allege causes of action related to the alleged crimes. However, Federal criminal claims may not be brought by anyone other than the United States. *See, e.g., United States v. Nixon*, 418 U.S. 683, 693 (1974) (noting that the executive branch has exclusive authority to decide whether to prosecute a case). A civil claim for damages is not the proper mechanism to allege criminal conduct. Plaintiffs also sought to add multiple judges as defendants; however, Plaintiffs do not set forth an explanation as to how they can overcome judicial immunity. *See Mireles v. Waco,* 502 U.S. 9, 9-10 (1991).

Additionally, it is unclear why Plaintiffs proposed adding Ms. Courchaine in state court, to then remove her as a defendant after Ms. Courchaine removed the case to this Court. The proposed amended complaint filed in the state court listed Ms. Courchaine as a defendant. ECF No. 1-1 at 5. However, the proposed complaint only lists Ms. Courchaine as a resident of Spokane County and does not state any allegations against Ms. Courchaine. *Id.* at 5-12. The motion that accompanied the proposed complaint stated that Plaintiffs discovered the role of Ms. Courchaine in causing damages long after the complaint was filed, and the joinder of the new defendant required amendment of the complaint. *Id.* at 633-34.

ORDER - 10

Plaintiffs offered no explanation as to what damages Ms. Courchaine allegedly caused.

      Ms. Courchaine stated in a 2023 declaration that she paid $50,000 to Plaintiffs to help them pay their legal fees, and then paid $75,000 to Plaintiffs' attorney, and provided other checks to Plaintiffs. *Id.* at 611. It is unclear what role Ms. Courchaine has had in the case, and the underlying issues, beyond providing financial support to Plaintiffs. After Plaintiffs filed the proposed amended complaint in state court, Ms. Courchaine filed the Notice of Removal. The addition of Ms. Courchaine to the proposed complaint coincides with Plaintiffs' request that the state court change venue. ECF No. 1-2 at 639. The Motion for Leave to Amend Complaint removes Ms. Courchaine as a defendant. ECF No. 5.

      The addition of Ms. Courchaine as a proposed defendant and then removal of her as a defendant supports the Court's conclusion that Ms. Courchaine was never a defendant prior the case being removed to this Court. To allow Ms. Courchaine to remove the case, when she was not yet a party in the state court, and Plaintiffs now propose removing her from the proposed amended complaint as a defendant, would allow a third-party with an attenuated connection to the case to manufacture a basis for removal. *See City of Memphis v. 2383 Jackson Ave., Memphis, Shelby Cnty., Tennessee 38108 Parcel ID 052013 00003*, No. 223CV02627JTFATC, 2024 WL 492784, at *3 (W.D. Tenn. Feb. 8, 2024). The

ORDER - 11

Court is required to interpret the removal statutes narrowly and allowing a third-party to remove a case would be an expansion of the removal statutes the Court is required to narrowly construe. *See id.*

## CONCLUSION

For the reasons explained above, the Court remands the case back to state court, and denies Plaintiffs' motions for leave to file amended complaint.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Clerk is directed to **REMAND** this case back to the Spokane County Superior Court.

2. Plaintiffs' Motion for Leave to File Amended Complaint, **ECF No. 4**, and Amended Motion for Leave to File Amended Complaint, **ECF No. 5**, are **DENIED.**

The District Court Executive is directed to file this Order, provide copies to *pro se* parties, and **CLOSE THE FILE**.

DATED April 17, 2024.

<u>    s/Mary K. Dimke    </u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 12